88 So.2d 21

Charles Ray GREIN et al.

v.

FIRST SEWERAGE DISTRICT OF the CITY OF LAKE CHARLES

and

The City of Lake Charles, Louisiana.

No. 42761.

May 7, 1956.

Patin & Patin, Lake Charles, for plaintiffs-appellants.

George W. Liskow, J. B. Holloman, Jr., Lake Charles, for defendants-appellees.

HAWTHORNE, Justice.

The governing authority of the First Sewerage District of the City of Lake Charles, a district coextensive with the limits of the city, called a special election for the purpose of submitting to the qualified taxpaying property owners within the limits of the sewerage district a proposition to levy a maintenance tax not to exceed five mills on the dollar for any one year for the purpose of maintaining and operating a sewer system in the sewerage district under the authority of Article 10, Section 10, of the Constitution of this state. At this election a majority of the qualified electors in both number and amount voted in favor of the proposition, and in due course and pursuant to the above authority the sewerage district through its governing authority imposed for the tax year 1954 a special maintenance tax of three mills on the dollar on the assessed valuation of all property subject to taxation within the district.

Property taxpayers residing within the sewerage district instituted this suit to enjoin the governing authority of the district from levying this special tax, alleging that the tax is illegal, void, and of no effect. After trial on the merits there was judgment dismissing plaintiffs' suit at their costs, and they have appealed.

Article 10, Section 10, of the Constitution, under the authority of which the election was called and the special tax of three mills was imposed, reads insofar as pertinent:

"For the purpose of acquiring sites for, or for constructing or improving public buildings, school houses, including housing for public health units, roads, bridges, levees, sewerage or drainage works, incinerators or other works of permanent public improvement, title to which shall be in the public, or for the maintenance or operating expense thereof, or for the maintenance and operation of public health units, *any political subdivision may levy taxes, in excess of the limitations otherwise fixed in this Constitution, not to exceed in any year five mills on the dollar for any one of said purposes, and not to exceed in any year twenty-five mills on the dollar, on any property, whether located within the territorial limits of one or more taxing districts, for all said purposes;* and for giving additional support to public schools, any parish, school district or sub-school district, or any municipality which supports or contributes to the support of its public schools, may levy taxes in excess of the limitations otherwise fixed in this Constitution, not to exceed, in the aggregate, on any property, whether so taxed by one or more taxing districts or authorities, in any year, eight (8) mills on the dollar of assessed valuation; provided, no special tax authorized by this Section

shall run for a longer period than ten years; and, provided further, that the rate, purpose and duration of any such special tax shall have been submitted to the resident property taxpayers qualified to vote in the subdivision in which the tax is to be levied and, a majority vote, of those voting, in number and amount, shall have voted in favor thereof; and, provided further, that in no instance or event and under no circumstances shall any property howsoever located or situated, with respect to one or more such taxing districts or special tax-levying authorities to [sic] be taxed for such purposes in excess of the maximum limitation herein prescribed. * * *

*"This Section shall be self-operative.* * * *"* (Italics ours.)

Appellants contend that the First Sewerage District of the City of Lake Charles does not have authority to levy a maintenance tax in excess of one mill on the dollar. In support of this contention they point out that this sewerage district was originally organized, and continues to operate, under the provisions of Act No. 285 of 1908.[1] Act No. 285 of 1908 was re-enacted and incorporated in the Revised Statutes of 1950 as R.S. 33:3931 et seq. Section 7 of the act, R.S. 33:3937, author-

izes the governing authority of any municipality to levy upon the taxable property in the sewerage district an annual maintenance tax not to exceed one mill on the dollar, when authorized by a majority in number and amount of the resident property taxpayers voting in an election called for that purpose.

Appellants contend that the governing authority of the sewerage district in this case is expressly restricted by the provisions of the above section from levying any maintenance tax exceeding one mill on the dollar, and that Article 10, Section 10, of the Constitution, the authority under which the sewerage district seeks to levy the tax, is inapplicable because this provision of the Constitution simply grants additional authority to levy taxes in excess of the limitation otherwise fixed in the Constitution but does not grant the power to levy additional taxes in excess of the limitation fixed by the statute.

The sewerage district here has imposed the tax by authority of Article 10, Section 10, of the Constitution, which provides that any political subdivision, for the purpose of constructing, etc., sewerage works and for the maintenance or operating expense thereof, may levy taxes in excess of the limitations otherwise provided in this Constitution not to exceed in any year five

1. The Legislature in 1926 adopted Act 26, R.S. 33:3911–3915, which provides in Section 6, R.S. 33:3915, that the commissioners of any existing sewerage district can elect by ordinance to come under the provisions of this act. The First Sewerage District of the City of Lake Charles has never elected to operate under the provisions of the 1926 act.

mills on the dollar for this purpose, and this section of the Constitution is made by its own terms "self-operative".

The Constitution is the paramount law, and since appellees have levied the tax under a constitutional provision which is self-operative, the provisions of R.S. 33:3937 cannot limit the amount of taxes which Article 10, Section 10, authorizes the governing authority to impose. In short, the fact that the First Sewerage District of Lake Charles is operating under the 1908 act does not prohibit its governing authority from availing itself of the taxing power conferred by Article 10, Section 10, of the Constitution.

We realize that under Article 10, Section 5, of the Constitution the power to limit the taxing power of municipalities and other political corporations is vested in the Legislature, subject to such limitations as may be provided in the Constitution. This section of the Constitution, however, provides: "The provisions of this section shall not apply to, nor affect, similar grants to such political subdivisions under other sections of this Constitution which are self-operative."

Article 10, Section 10, under which the tax here was levied, is one of the "other sections of this Constitution which are self-operative". It authorizes the levying by any political subdivision of taxes not to exceed in any year five mills on the dollar for the maintenance and operating expense of sewerage systems. Consequently the Legislature cannot by enacting R.S. 33:3937 limit a sewerage maintenance tax levied under the authority of this section of the Constitution to one mill on the dollar in any year.

Appellants contend in the alternative that in the event this court finds that the tax in question is levied under the authority of Article 10, Section 10—as we have done—, then in that event the tax imposed is invalid because the total of the taxes imposed on taxable property within the limits of the sewerage district by all taxing authorities exceeds 25 mills on the dollar, which is the limitation fixed by the constitutional provision on taxation for all the purposes enumerated in this provision.

The record shows that numerous taxes have been levied on property situated within the sewerage district by the state, the parish, the municipality, and other taxing authorities for drainage, sewerage, public buildings, etc. Some of these taxes were levied under the authority of Article 10, Section 10, while others were levied under the authority of other constitutional provisions, such as Article 14, Section 14; Article 12, Section 15; etc. Appellants argue that since all of these taxes are imposed for purposes enumerated in Article 10, Section 10, they all must be considered in determining whether the tax limitation of 25 mills imposed by Article 10, Section 10, has been exceeded, and that when they are considered, the limitation imposed by Article 10, Section 10, has been exceeded,

and consequently the sewerage district may not invoke the provisions of Article 10, Section 10, for the imposition of the three-mill tax here in question.

█ We cannot agree with appellants' contention that the taxes levied by the various taxing authorities on property located in the sewerage district *under other provisions of the Constitution* should be considered in computing the limitation of 25 mills fixed in Article 10, Section 10, of the Constitution. It is true that taxes levied under other provisions of the Constitution may be for the same purposes enumerated in Article 10, Section 10, such as the construction of public buildings, sewerage works, drainage, etc. For example, under Article 14, Section 14, a tax may be imposed for the payment of principal and interest of bonds, the proceeds of which are used for sewerage, drainage, public buildings, etc., and that section specifically authorizes the issuance of such bonds for these particular purposes, which in some cases are identical with the purposes enumerated in Article 10, Section 10, of the Constitution, under which the tax here under attack was levied. However, the fact that under other constitutional provisions taxes may be levied for purposes which happen to be the same as the purposes for which a tax may be levied under Article 10, Section 10, does not justify the

consideration of those other taxes in computing the 25-mill limitation imposed by Article 10, Section 10.

That taxes levied under other provisions of the Constitution are not to be considered in computing the limitation of 25 mills fixed in Article 10, Section 10, we think is made clear by the provisions of the section itself. As we have heretofore pointed out, this section, which by its own provisions is self-operative, provides that "* * * any political subdivision may levy taxes, *in excess of the limitations otherwise fixed in this Constitution* * * *"* for the purposes enumerated in Article 10, Section 10. (Italics ours.) Consequently the limitation of five mills on the dollar for any one purpose and the limitation of 25 mills on the dollar for all purposes could be construed only as limitations on taxes imposed and levied by taxing authorities pursuant to the section itself.

When taxes imposed under other provisions of the Constitution are excluded, and when only those are considered which are imposed under Article 10, Section 10, it is clear from the record that the limitation of 25 mills on taxes imposed by all taxing authorities on property subject to taxation within the First Sewerage District of the City of Lake Charles has not been exceeded, even with the addition of the three-mill tax here under attack.[2]

2. No sewerage tax has been levied in the district except the three-mill tax now under attack. Consequently the five-mill tax limitation for *one* purpose is not an issue in the case.

Consequently there is no merit in appellants' alternative contention that the three-mill tax is invalid as bringing the total taxation in the district over the 25-mill limitation; and the provisions of Article 10, Section 10, of the Louisiana Constitution may be invoked by the taxing authority of the sewerage district to levy the tax.

In support of their alternative argument appellants rely principally on the following clause of Article 10, Section 10: " * * * and, provided further, that in no instance or event and under no circumstances shall any property, howsoever located or situated, with respect to one or more such taxing districts or special tax-levying authorities to [sic] be taxed for such purposes in excess of the maximum limitation herein prescribed."

Standing alone this clause seems to lend support to their contention; but when it is read in context with the other provisions of the section, particularly with the provision that the taxes authorized therein may be levied "in excess of the limitations otherwise fixed in this Constitution", it is perfectly patent that in computing the limitation imposed by this section of the Constitution taxes levied by taxing authorities under other provisions of the Constitution, even though they may be for the purposes enumerated in this section, are not to be included.

Moreover, the provision quoted above upon which appellants rely was incorporated in the Constitution by an amendment to the section in 1934 (see Act No. 83 of 1934), following the decision in the case of Louisiana & A. Ry. Co. v. School Board of Webster Parish, 157 La. 1046, 103 So. 318, 319, in which this court construed this section to mean "that each political subdivision authorized to levy the tax provided by it shall be treated as a distinct entity throughout, and that the limitations imposed shall apply to each subdivision as a distinct entity, and hence that each subdivision shall remain unaffected in its right by the taxes imposed under the section by other political subdivisions in the same territory".

It is clear, therefore, that this clause does not mean what appellants argue it means. This amendment was apparently incorporated into the section so that each taxing authority should no longer be considered a separate and distinct entity in computing the 25-mill limitation on taxes levied under the authority of Article 10, Section 10, and so that *all* taxing authorities may levy under the authority of this section no more than a total tax of 25 mills on the dollar on any given piece of taxable property for all purposes enumerated in the section.

Appellees, the sewerage district and the city, argue in brief that school taxes levied on taxable property situated in the sewerage district under the authority of Article 10, Section 10, of the Constitution are to be excluded under certain provisions of this section in computing the 25-mill tax

limitation. All taxes levied in this sewerage district by all taxing authorities under the authority of Article 10, Section 10, including both the school taxes and the three-mill sewerage tax here under attack, do not exceed the limitation of 25 mills, and it is therefore unnecessary to discuss this contention as it is not an issue in the case.[3]

The judgment is affirmed, appellants to pay all costs.

---

3. See, however, Louisiana & A. Ry. Co. v. School Board of Webster Parish, 157 La. 1046, 1951, 103 So. 318.

